Case 4:22-cv-00580-A   Document 7   Filed 10/03/22   Page 1 of 11   PageID 23

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 3 2022

CLERK, U.S. DISTRICT COURT
By_____
   Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RAFAEL AYALA-SOLORIO, | § |
| | § |
| Movant, | § |
| | § |
| VS. | § NO. 4:22-CV-580-A |
| | § (NO. 4:19-CR-265-A) |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Rafael Ayala-Solorio, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:19-CR-265-A, and applicable authorities, finds that the motion must be dismissed as untimely. Movant could not prevail on the merits in any event.

I.

Background

The record in the underlying criminal case reflects the following:

On September 11, 2019, movant was named in a one-count indictment charging him with illegal reentry after deportation,

in violation of 8 U.S.C. § 1326(a) and (b)(1). CR. Doc.[1] 1. Movant initially entered a plea of not guilty. CR Doc. 10. On September 27, 2019, he appeared before the court with the intent to enter a plea of guilty. CR Doc. 19. Movant and his attorney signed a factual resume setting forth the maximum penalties faced by movant, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 20. Movant testified under oath at re-arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment could be as much as ten years; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the indictment; he had read and understood the factual resume and understood everything in

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-265-A.

2

it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 41.

The probation officer prepared the presentence report, which reflected that movant's adjusted offense level was 28. CR Doc. 23, ¶ 20. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 22, 23. Based on a criminal history category of VI and a total offense level of 25, movant's guideline imprisonment range was 110 to 137 months. However, the statutory maximum was ten years, so the guideline range became 110 to 120 months. Id. ¶ 63. Movant filed objections, CR Doc. 25, and the probation officer prepared an addendum to the PSR. CR Doc. 27.

On February 7, 2020, the court sentenced movant to a term of imprisonment of 120 months. CR Doc. 34. He appealed, CR Doc. 36, and his sentence was affirmed. CR Docs. 44, 45. On April 19, 2021, his petition for writ of certiorari was denied. CR Doc. 46.

On July 7, 2022, the clerk received for filing from movant a document titled "Motion to File an Out-of-Time Brief for 28 U.S.C. § 2255 Motion to Set Aside, Vacate, or Correct Sentence,"

3

Doc.[2] 1, which the court interpreted as a motion under § 2255. The court gave the notices required by Castro v. United States, 540 U.S. 375 (2003). Doc. 4. Movant failed to withdraw or amend his motion. Accordingly, the court ordered service and a response. Doc. 5.

II.

Grounds of the Motion

Movant contends that he received ineffective assistance of counsel because his attorney informed him that he would receive a sentence of 87 months as part of a plea agreement. Doc. 1 at 2. He also mentions that his counsel failed to object to the use of "the prior conviction" and "the fact that any inhancement [sic] that would be use [sic] for sentencing purposes." Id. at 2-3.

III.

Applicable Legal Principles

A.   Limitations

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

```
removed, if the movant was prevented from making a
motion by such governmental action;
(3) the date on which the right asserted was initially
recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or
(4) the date on which the facts supporting the claim
or claims presented could have been discovered through
the exercise of due diligence.
```

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. United States v. Thomas, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

The doctrine of equitable tolling is applied only in rare and exceptional circumstances. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. Holland v. Florida, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008); Alexander v. Cockrell,

294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his habeas petition. Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011).

B.  Section 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974);

United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

C. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just

7

result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant's judgment became final on April 19, 2021, when the United States Supreme Court denied his petition for writ of certiorari. See Clay v. United States, 537 U.S. 522, 525 (2003). He had one year from that date in which to file his motion under § 2255. His motion, signed June 28, 2022, is untimely.

Movant apparently recognized the untimeliness of his motion, as he sought leave to file an out-of-time brief. Doc. 1. The excuses he offered, however, are not sufficient to extend limitations. He mentions being unable to "receive the required documents from his previous counsel," but he does not identify any particular documents that were needed. Inasmuch as movant complains about the sentence he received, he knew immediately at

sentencing that he received a greater term than he expected. He also mentions "the presence of institutional re-adjustment due to the after shocks of COVID-19 Pandemic," but does not identify any circumstances that prevented him from timely filing his motion. Doc. 1. He is not entitled to equitable tolling.

Even had the motion been timely filed, movant could not prevail. There was not a plea agreement in this case. Any claim that movant would receive an 87-month sentence is belied by the record. Movant testified under oath at re-arraignment that he understood that he was facing a ten-year sentence, that he had discussed the sentencing guidelines with his attorney, that he understood that no one could predict what his sentence might be, that no one had made any promise or threat to induce him to plead guilty, and that he was satisfied with his attorney's representation. CR Doc. 41. Movant's solemn declarations under oath are entitled to a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977). His factual resume is likewise entitled to the presumption. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged

9

promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the re-arraignment hearing.

Movant's allegation regarding the prior conviction and enhancement is too vague to present a claim. Miller, 200 F.3d at 282. Movant's counsel did object that his sentence should be limited to a two-year, rather than a ten-year, maximum, but recognized that the argument was foreclosed by Almendarez-Torres

10

v. United States, 523 U.S. 224 (1998), and United States v. Pineda-Arrellano, 492 F.3d 624 (5th Cir. 2007). CR Doc. 26 at 1. The Fifth Circuit rejected this claim on appeal. CR Doc. 45. There was no ineffective assistance in this regard.

V.

Order

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 3, 2022.

_____
JOHN McBRYDE
Senior United States District Judge